Wang v. Holder

BIA
Videla, IJ
A099 025 437

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of January, two thousand twelve.

PRESENT:
    ROGER J. MINER,
    ROBERT A. KATZMANN,
    BARRINGTON D. PARKER,
        *Circuit Judges*.

_____

XIANG XIANG WANG,
        *Petitioner*,

                                        10-1426-ag (L);
        -v.-                            10-4013-ag (Con)
                                        NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Richard Tarzia, Law Office of
                       Richard Tarzia, Belle Mead, N.J.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Micheline Hershey,
                       Attorney, Office of Immigration
                       Litigation, U.S. Department of
                       Justice, Washington, D.C.

UPON DUE CONSIDERATION of these petitions for review of two Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Xiang Xiang Wang, a native and citizen of the People's Republic of China, seeks review of both the March 23, 2010, decision of the BIA affirming the June 3, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Xiang Xiang Wang*, No. A099 025 437 (B.I.A. Mar. 23, 2010), *aff'g* No. A099 025 437 (Immigr. Ct. N.Y. City June 3, 2008), and the September 7, 2010, decision of the BIA denying his motion to reopen, *In re Xiang Xiang Wang*, No. 099 025 437 (B.I.A. Sept. 7, 2010).[1] We assume the parties' familiarity with the underlying facts and procedural history.

## I. Merits - Docket Number 10-1426-ag (L)

With respect to the agency's denial of Wang's initial application, we review both the IJ's and the BIA's opinions

---

[1] Wang does not challenge the agency's denial of CAT relief.

"for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam)(internal quotation marks omitted). The applicable standards of review are well-established.

*See* 8 U.S.C. § 1252(b)(4)(B)(2006); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In finding that Wang failed to establish his eligibility for asylum, the agency properly found that Wang's claim based on his wife's forced sterilization was foreclosed by *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007)(en banc). Indeed, in *Shi Liang Lin*, we squarely rejected the notion that an alien is *per se* eligible for relief based on a spouse's forced abortion. *See id.* (holding that "an individual does not automatically qualify for 'refugee' status on account of a coercive procedure performed on someone else").

Moreover, as to Wang's other allegation of past persecution--his altercation with family planning officials--substantial evidence supports the agency's determination that Wang did not testify credibly because he omitted this allegation from his asylum application. *See* 8 U.S.C. § 1158(b)(1)(B)(iii)(2006) (stating that the

3

agency may rely on any inconsistency or omission in making an adverse credibility determination as long as the "totality of the circumstances" establishes that an asylum applicant is not credible, without regard to whether those inconsistencies go to the heart of the applicant's claim); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162,163,167 (2d Cir. 2008)(per curiam); *Matter of J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).

Here, as the agency found, while Wang testified that he tried to prevent family planning officials from entering his home by "pulling them and drag[ging] them," his written application indicated only that he "disagreed" with his wife's forced sterilization, and that Chinese family planning officials took him to a government office where he was detained briefly and ordered to pay a fine, and made no mention of any physical struggle or any other attempt to resist efforts to sterilize his wife. *See Xiu Xia Lin*, 534 F.3d at 166 (stating that for the purposes of analyzing a credibility determination, "[a]n inconsistency and an omission are ... functionally equivalent"). A reasonable fact finder would not be compelled to credit Wang's explanation for this omission. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

4

Moreover, as the agency reasonably found, even if Wang testified credibly regarding his altercation with family planning officials, and even if this altercation might be characterized as "other resistance," *see Shi Liang Lin*, 494 F.3d at 313, Wang nevertheless failed to establish that he suffered harm rising to the level of persecution on account of that resistance. Indeed, because the only harm Wang claimed to have suffered was a brief detention and damage to some of his furniture, the agency reasonably found that the harm Wang alleged did not rise to the level of persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Given Wang's failure to establish past persecution or to provide any alternative basis for his fear of future persecution, the agency did not err in finding that he failed to demonstrate a well-founded fear of persecution, particularly in light of the fact that, following his wife's forced sterilization, he remained in China for two years without any further harm. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

Furthermore, despite Wang's assertion that he established a well-founded fear of persecution based on his illegal departure from China, the agency reasonably found

5

that the possibility that he will be prosecuted under a generally applicable statute does not, by itself, demonstrate that he has a well-founded fear of persecution on account of a protected ground. *See Qun Yang v. McElroy*, 277 F. 3d 158, 163 n.5 (2d Cir. 2002).

Accordingly, the agency reasonably denied Wang's application for asylum. Because he failed to meet his burden of demonstrating eligibility for asylum, Wang necessarily failed to meet the higher burden for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

## II. Motion to Reopen – Docket Number 10-4013-ag (Con)

We have reviewed the BIA's denial of Wang's motion to reopen for abuse of discretion, *see Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam), and conclude that there has been no abuse of discretion, as the BIA provided rational explanations for its decision. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001). Specifically, as the BIA noted, Wang failed to submit a new asylum applicationwith his motion to reopen, as required by the regulations. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an

6

application for relief must be accompanied by the appropriate application for relief.").

Additionally, the BIA reasonably determined that Wang failed to demonstrate his prima facie eligibility for relief based on his practice of Falun Gong in the United States. *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (recognizing that a movant's failure to establish a prima facie case for the underlying substantive relief sought is a proper ground on which the BIA may deny a motion to reopen). As the BIA found, Wang failed to demonstrate an objectively reasonable fear that he would be persecuted due to his practice of Falun Gong, as he did not present any evidence that Chinese officials were aware or would become aware of his practice of Falun Gong. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam). Furthermore, contrary to Wang's argument that the BIA abused its discretion by failing to consider adequately the evidence in the record, the BIA explicitly referenced Wang's evidence in its decision, and its acknowledgment was sufficient. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to parse expressly or refute every piece of evidence submitted by the petitioner); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006)(same).

7

For the foregoing reasons, the petitions for review are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk